UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| SHEILA HICKS,<br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>  Acting Commissioner of Social Security,<br>    Defendant. | CIVIL ACTION NO. 6:18-214-KKC<br><br>ORDER AND OPINION |

*** *** ***

This matter is before the Court on cross-motions for summary judgment. (DE 9; DE 13.) The claimant, Sheila Hicks, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for Title II Disability and Disability Insurance Benefits on July 5, 2018. (DE 9 at 1). The Court, having reviewed the record, will affirm the Commissioner's decision because it is supported by substantial evidence and was decided by the proper legal standards.

**FACTUAL AND PROCEDURAL BACKGROUND**

In the present case, Hicks filed an initial claim for disability on January 8, 2016. (Administrative Record "AR" at 142-45.) After being denied initially and upon reconsideration, Hicks filed a request for hearing before an administrative law judge ("ALJ"). On October 30, 2017, the ALJ rendered an unfavorable decision, and Hicks filed an appeal with the Appeals Council. (AR at 69.) On July 5, 2018, the Appeals Council rendered an unfavorable decision. (AR at 6.) Thereafter, Hicks filed the present action.

1

This Court's review of the ALJ's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009).

In denying Hicks' claim, the ALJ engaged in a five-step sequential process set forth in the regulations under the Social Security Act. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Hicks has not engaged in substantial gainful activity since April 1, 2015, the alleged onset date. (AR at 74.)

At step two, the ALJ determined that Hicks has one severe impairment, multiple sclerosis. The ALJ also considered Hicks' reported history of gastroesophageal reflux disease, restless leg syndrome, hypothyroidism, obesity, anxiety, and depression and found that such impairments are not severe. (AR at 75.)

At step three, the ALJ found that Hicks does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR at 76.)

Before proceeding to step four, the ALJ determined that Hicks has the residual functional capacity ("RFC") to perform a full range of light work as defined under 20 C.F.R. 404.1567(b), except she can frequently push and pull with the lower extremities; can frequently reach overhead with the right upper extremity and frequently reach in front and laterally with the right upper extremity; can frequently handle and finger; can occasionally be exposed to unprotected heights or dangerous moving machinery; and should avoid concentrated exposure to extreme cold, extreme heat, and humidity. (AR at 77.)

The ALJ found that Hicks' allegations of limitations and overall disability are not entirely consistent with the medical and other evidence. (AR 78.) Further, the ALJ gave little weight to the opinion of Hicks' treating physician, Dr. Twyman, who opined that Hicks

2

meets listing 11.09 and, due to her multiple sclerosis and symptoms, she cannot twist, stoop, crouch, climb ladders, must avoid exposure to pulmonary irritants and workplace hazards. Dr. Twyman further opined that Hicks would miss more than four workdays per month.

At step four, the ALJ found that Hicks can perform her past relevant work as a jailer, cashier, or fast food worker. (AR at 82.)

At step five, the ALJ found that, in conjunction with being able to perform past relevant work, there are also other jobs in the national economy that Hicks can perform. (AR at 83). The ALJ considered Hicks' RFC, age, education, and work experience in determining that she is not disabled.

## ANALYSIS

Hicks raises three overall challenges to the ALJ's decision. First, she asserts that the ALJ improperly determined that she does not have a severe mental impairment. Second, she argues that the ALJ improperly determined that she does not meet Listing 11.09. Finally, Hicks argues that the ALJ's determination that she is not disabled is not supported by substantial evidence. (DE 9-1 at 2.)

After reviewing the parties' summary judgment motions, the Court finds that the ALJ's determination that Hicks does not have a severe mental impairment, does not meet the requirements for listing 11.09, and is not disabled are all supported by substantial evidence. Accordingly, the Court grants the Commissioner's motion for summary judgment.

I.   **Legal Standard.**

The Court's review of the Commissioner's decision is limited to an inquiry as to whether the decision was supported by substantial evidence and decided by proper legal standards. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971). When an ALJ's decision is based on substantial evidence, it is not subject to reversal even if substantial evidence would

3

have supported the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal citations omitted). ALJ's must give "controlling weight" to opinions from treating sources "[i]f [they] find that a treating source's opinion … is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c). An ALJ must provide "good reasons" for not giving a treating physician's opinion controlling weight. *Id.* A finding that the treating physician's opinions are inconsistent with the record is a sufficient reason for discrediting those opinions. *Bledsoe v. Barnhart,* 165 F. App'x. 408, 412 (6th Cir. 2006).

## II. Substantial Evidence Supports the ALJ's Finding that Hicks Does Not Have a Severe Mental Impairment.

The ALJ's determination that Hicks does not have a severe mental impairment was decided under the appropriate legal standards and is supported by substantial evidence. Hicks argues that the ALJ failed to properly assess the medical evidence in finding that she does not suffer from a severe mental impairment. (DE 9-1 at 14-15.) In support of her argument, Hicks cites to her treating physician's opinions and the reports from two consultative exams.

A mental impairment is not severe if it does not "significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(a)(4)(ii). To determine whether a mental impairment is severe, an ALJ rates a claimant's functioning across four broad functional areas—(1) understanding, remembering, or applying; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself..

*See* 20 C.F.R. § 404.1520a. Where a claimant only has a mild limitation in each of the functional areas, her mental impairment will generally be found to be non-severe. *See id.* § 404.1520a(d)(i). If the claimant's impairments are not severe, the claimant is not disabled, and the ALJ's determination does not proceed. *Id.* If the claimant suffers from any severe impairment, the ALJ analyzes the subsequent steps of the evaluation process, considering all of the claimant's impairments (both severe and non-severe) before determining the claimant's RFC. *Id.* §§ 416.920(e), 416.945(a)((2).

The ALJ's determination that Hicks does not have a severe mental impairment was decided under the appropriate legal standards and is supported by substantial evidence. In determining whether Hicks has a severe mental impairment, the ALJ correctly considered Hicks' functioning across the four broad functional levels. (AR at 76.) The ALJ considered a wide range of evidence in determining that Hicks only has a minor limitation in each of the four categories. Although Hicks' medical records show a history of antidepressant use and sporadic complaints of anxiety and depression, the ALJ considered Dr. Twyman's treatment notes reflecting a concern that Hicks may be embellishing her anxiety. Dr. Twyman further opined that with "education, emotional support, and perhaps some adjustments on helping her deal with the future, she will do fairly well." (AR at 335.) The ALJ considered that Hicks was prescribed medication that was generally effective in addressing her mental symptoms, as reflected by her medical record. (*See* AR 324-41; 388-574.) The ALJ further considered Hicks' report to her physician that she was working 90 to 100 hours per week, despite her anxiety and depression, and that Hicks' medical record is devoid of evidence that she required frequent medication changes or ever sought professional mental health treatment for her reported symptoms. (*See* AR 324-41.) The ALJ also weighed various opinion evidence. The ALJ gave great weight to the opinions of the state agency psychological consultants, who

opined that Hicks does not have a severe mental impairment, as their opinions were well supported by the evidence in Hicks' medical history. (*See* AR 34-50; 53-68.) There was one consultative exam conducted by Dr. Reba Moore in which Hicks reported hallucinations and decreased memory, but the ALJ discounted those reported symptoms because they are not notated anywhere else in the record. Although Dr. Moore opined that Hicks has a moderate limitation in her ability to sustain attention, concentrate, and interact with others and a significant limitation in her ability to complete a workday, Dr. Moore found that Hicks is capable of understanding and completing simple tasks. (*See* AR 365-72.) The ALJ ultimately gave minimal weight to Dr. Moore's opinion because it was inconsistent with the remaining evidence in Hicks' medical record. Based on the evidence provided, the ALJ thus concluded that Hicks does not have a severe mental impairment. (AR at 75-76.) Although there is some evidence supporting that Hicks has a mental impairment in her medical history, the Court finds that a reasonable mind might accept the foregoing evidence as adequate to support the ALJ's determination that Hicks does not have a severe mental impairment. Accordingly, the ALJ's decision must stand since it was decided under the correct legal standards and is supported by substantial evidence. *See Perales*, 402 U.S. at 390; *Tyra v. Sec'y of Health & Human Servs.*, 859 F.2d 1024, 1028 (6th Cir. 1990).

### III. Substantial Evidence Supports the ALJ's Finding that Hicks Does Not Meet the Requirements for Listing 11.09.

The ALJ's determination that Hicks does not meet the requirements for Listing 11.09 is also supported by substantial evidence. Hicks argues that the ALJ erred in finding that she does not meet Listing 11.09. In support of her argument, she cites to medical records supporting her diagnosis with multiple sclerosis. (DE 9-1 at 10-15.) Additionally, she cites to an opinion by her treating physician stating that she meets Listing 11.09. The ALJ considered Hicks' entire medical history in determining that she does not meet Listing 11.09.

In order to satisfy Listing 11.09, a claimant must have multiple sclerosis either (A) characterized by a "disorganization of motor function in two extremities ... resulting in an extreme limitation ... in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities;" or (B) with marked limitations in physical functioning and in one area of mental functioning.[1] 20 C.F.R. pt. 404, Subpt. P, App. 1 § 11.09. The claimant is required to show that her impairment meets all of the specified medical criteria, not merely some. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Although Hicks' treating physician, Dr. Twyman, signed an affidavit indicating that he believes the claimant meets Listing 11.09 (AR 611), his opinion is not entitled to any special significance because whether a claimant meets a listing is a matter reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(d)(2)-(3). The ALJ reviewed Hicks' record and found that the evidence does not support that Hicks meets Listing 11.09. The ALJ found that Hicks' medical history is devoid of evidence that she has disorganization in motor function in two extremities resulting in extreme limitation in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities. The ALJ further found that Hicks' medical history is devoid of evidence that she has a marked limitation in her physical and mental functioning. In making the determination that Hicks does not have a marked limitation in her physical functioning, the ALJ considered the following: treatment notes showing normal musculoskeletal and neurological examinations (*See* AR 331; 375); Hicks' report that she was working 90 to 100 hours a week during the period in which she claims she was disabled (*See* AR at 326); treatment notes showing a normal and steady gait and full

---

[1] The four areas of mental functioning included in Listing 11.09 are the same four categories considered in determining whether a claimant has a severe mental impairment—(1) understanding, remembering, or applying; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself.. 20 C.F.R. pt. 404, Subpt. P, App. 1 § 11.09.

strength in her extremities (*See* AR 328; 332; 339; 376; 578; 585; 589; 616); the fact that she gave birth and cared for a child with little documented support during the period in which she claims disability; that her medical records are devoid of notations of multiple sclerosis flare-ups; and that her medical records contain no indication that she had significantly limited ability to stand, walk, or use her upper extremities. (AR at 77.) While the ALJ noted that Hicks was prescribed a walker by Dr. Twyman, she considered Dr. Twyman's treatment notes stating that the walker was to give Hicks more stability during her pregnancy and encourage more activity. (*See* AR 376-77.) Regarding Hicks' mental functioning, the ALJ found that she does not have more than a mild limitation in any of the areas of functioning. In making that finding, the ALJ relied on the same evidence considered in her determination that Hicks does not have a severe mental impairment. The ALJ thus concluded that Hicks does not meet Listing 11.09 because she does not meet all of the (A) or (B) criteria. Although Hicks' treating physician opined that Hicks meets Listing 11.09, the ALJ appropriately discounted his opinion because whether a claimant meets a listing is a matter reserved for the Commissioner. *See* 20 C.F.R. § 404.1527(d)(2)-(3). The Court finds that a reasonable mind might accept the foregoing evidence as adequate to support the ALJ's determination that Hicks does not meet Listing 11.09. Accordingly, the ALJ's decision must stand since it was decided under the proper legal standards and is supported by substantial evidence. *See Perales*, 402 U.S. at 390; *Tyra*, 859 F.2d at 1028.

## IV. Substantial Evidence Supports the ALJ's Determination that Hicks is Not Disabled.

Finally, the ALJ's determination that Hicks is not disabled is also supported by substantial evidence. Hicks does not allege in great detail the reasons why she believes that the ALJ's decision is not based on substantial evidence. Instead, she merely states that she

8

could not even perform a wide range of sedentary work on a regular sustained basis and provides a list of ailments from which she claims to suffer. (*See* DE 9-1 at 15-16.)

To the extent Hicks is challenging the ALJ's determination that Hicks can perform light work, there is substantial objective evidence supporting the ALJ's determination. ALJs use a two-part analysis in evaluating complaints of disabling symptoms: (1) the ALJ will determine whether there is an underlying, medically determinable, physical impairment or mental impairment that could reasonably be expected to produce the claimant's symptoms; and (2) if the ALJ finds that such an impairment exists, she must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. 20 C.F.R. § 404.1529; *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). In evaluating a claimant's severity of symptoms, relevant factors include: (i) the individual's daily activities; (ii) the location, duration, frequency, and intensity of the pain; (iii) factors that precipitate and aggravate symptoms; (iv) the type, dosage, effectiveness, and side effects of medication; (v) the treatment the individual receives or has received for relief; (vi) any other measures the individual has used to relieve pain; and (vii) any other factors concerning the individual's functional limitations. 20 C.F.R. § 404.1529(c)(3)(i)-(vii). "Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints based on a consideration of the entire case record," including medical signs and laboratory findings, the claimant's own complaints of symptoms, any information provided by treating physicians and others, statements by persons familiar with how the claimant's symptoms may affect her daily life, and any other relevant evidence contained in the record. *Rogers*, 486 F.3d at 247; 20 C.F.R. § 404.1529(c)(4). An ALJ is required to evaluate the claimant's symptoms and diminish her capacity for basic work activities to the extent that her alleged functional limitations and restrictions due to her symptoms

can reasonably be accepted as consistent with the objective medical and other evidence. 20 C.F.R. § 404.1529. Courts generally must defer to an ALJ's credibility determination because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Duncan v. Secretary of HHS*, 801 F.2d 847, 852 (6th Cir.1986) (quoting *Kirk v. Secretary of HHS*, 667 F.2d 524, 535 (6th Cir.1981), *cert. denied*, 461 U.S. 957 (1983)). However, the ALJ's determination must contain specific reasons for the weight given to the claimant's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the claimant and any subsequent reviewer can assess how the ALJ evaluated the individual's symptoms. *Rogers*, 486 F.3d at 247-48; Soc. Sec. Ruling 16-3p Titles II & XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P (S.S.A. Oct. 25, 2017).

The ALJ determined that Hicks has the RFC to perform a full range of light work as defined under 20 C.F.R. 404.1567(b), except the she can frequently push and pull with the lower extremities; can frequently reach overhead with the right upper extremity and frequently reach in front and laterally with the right upper extremity; can frequently handle and finger; can occasionally be exposed to unprotected heights or dangerous moving machinery; and should avoid concentrated exposure to extreme cold, extreme heat, and humidity. (AR at 77.) In making this determination, the ALJ considered Hicks' testimony regarding her symptoms. The ALJ found that Hicks' medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, her statements and allegations concerning the intensity, persistence, and limiting effects of her symptoms are not entirely consistent with the medical and other evidence in the record. The ALJ considered Hicks' entire medical record and reported symptoms when determining her RFC. The ALJ relied, in part, on medical evidence supporting that Hicks' multiple sclerosis is relatively controlled with prescription medications. After seeking emergency care multiple times in

2015, Hicks was ultimately diagnosed with multiple sclerosis. She began treatment with Dr. Twyman and reported improved symptoms with the use of prescribed medication. (*See* AR 330.) The ALJ considered an MRI in December 2015 showing stable appearance of multiple lesions and no abnormal enhancement. (*See* AR 342.) The ALJ also considered Hicks' unremarkable physical examinations and her discussions with her doctor about her self-employment. (*See* AR 326; 328; 332; 339; 376; 578; 585; 589; 616.) In March 2016, Hicks reported increased symptoms, however, the ALJ considered that she had stopped taking medication due to her pregnancy. Additionally, Dr. Twyman noted that her reported symptoms stemmed from inactivity, not exacerbation of her multiple sclerosis. And although Dr. Twyman prescribed a walker, the ALJ considered that the walker was prescribed to give her stability and encourage activity. (*See* AR 376-77.) In August 2016, Hicks reported some tingling in her legs, but the ALJ considered that Dr. Twyman indicated that it could be due to her pregnancy. (*See* AR 575-80.) The ALJ additionally considered a report from October 2016 where Hicks denied exacerbations of multiple sclerosis, a report from February 2017 showing Hicks was doing well on medication post-pregnancy, and brain scans from 2017 showing no significant changes. (*See* AR 581-89; 600-08.) The ALJ also weighed Hicks' reports of worsening symptoms and multiple sclerosis exacerbations in 2017 with her unremarkable physical examinations on the same dates. (*See* AR 600-08; 612-16.) Regarding the opinion evidence, the ALJ considered and gave great weight to two state agency medical consultants' opinions finding that Hicks can perform light exertional work. Those consultants also opined that Hicks' mental impairments are non-severe and her stated limitations are not supported by the evidence in the record. (*See* AR 34-50; 53-68.) The ALJ, however, gave little weight to the opinion of consultative medical examiner Dr. Moore because she reported mental impairments that are not supported by other medical evidence

11

of record, including the opinions of the state agency medical consultants. The ALJ also gave little weight to Dr. Twyman's opinion that Hicks meets Listing 11.09 and would miss more than four days of work per month because her opinion is not entirely consistent with the evidence and it addresses issues reserved for determination by the Commissioner. Finally, the ALJ gave little weight to a statement by Hicks' husband stating that Hicks needs assistance with all tasks because there is no indication that he is medically trained, and his report is not consistent with the objective medical evidence of record. The ALJ additionally considered Hicks' daily activities and found that the medical evidence simply does not establish that Hicks has debilitating limitations—there is no evidence that Hicks reported inability to perform daily activities to her treating physicians, there is no evidence that Hicks had chronic pain or frequent hospitalizations, there is no evidence that Hicks' daily activities were restricted by treating sources, and there is no evidence that she needed significant help from her family in caring for her infant child. The ALJ balanced Hicks' testimony that she cannot be left alone with the child with her reports that her husband works two jobs and that she only sees her mother once a week. The ALJ considered all of the foregoing evidence in concluding that Hicks can perform light work and is not disabled. (AR 77-82.) The Court finds that a reasonable mind might accept the foregoing evidence as adequate to support the ALJ's determination. The ALJ appropriately evaluated the relevant factors and diminished Hicks' capacity for basic work activities to the extent that her alleged functional limitations and restrictions due to her symptoms can reasonably be accepted as consistent with the objective medical and other evidence. The ALJ provided specific reasons for the weights given to Hicks' reported symptoms and the various opinion evidence. Accordingly, the ALJ's decision must stand since it was decided under the proper legal standards and is supported by substantial evidence. *See Perales*, 402 U.S. at 390; *Tyra*, 859 F.2d at 1028.

## CONCLUSION

Based on the forgoing, the Court **HEREBY ORDERS** as follows:

(1) Hicks' motion for summary judgment (DE 9) is **DENIED;**

(2) Defendant's motion for summary judgment (DE 13) is **GRANTED;**

(3) The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4) A judgment will be entered contemporaneously with this order.

Dated February 12, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY